**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Mohammad Tlili and Dina Irace** | : | |
| **Individually, and h/w** | : | |
| **1310 Amosland Road** | : | |
| **Prospect Park, PA 19076** | : | **No. 10-CV-1747** |
| **v.** | : | |
| **Mercury Insurance Company of Florida** | : | |
| **1901 Ulmerton Road** | : | |
| **Clearwater, FL 33762** | : | |
| **and** | : | |
| **Mercury General Corporation** | : | |
| **4484 Wilshire Blvd.** | : | |
| **Los Angeles, CA 90010** | : | |
| **and** | : | |
| **John Does 1-10** | : | |

**DEFENDANTS, MERCURY INSURANCE COMPANY OF FLORIDA AND MERCURY GENERAL CORPORATION'S, ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTER-CLAIM**

**I. Answer to Preliminary Statement**

1. Denied. The allegations in paragraph one (1) contain conclusions of law and therefore, no response is required. By way of further denial, Plaintiffs do not seek equitable, nor injunctive relief in their Complaint.

2. Denied. The allegations in paragraph two (2) contain conclusions of law and therefore, no response is required. It is specifically denied that Answering Defendants are liable to the Plaintiffs based on any theory of liability.

3. Denied. The allegations in paragraph three (3) contain conclusions of law and therefore, no response is required. It is specifically denied that the "discovery rule, equitable tolling/fraudulent concealment" are in any way relevant to the present litigation.

**II. Answer to Jurisdiction and Venue**

4. Denied. The allegations in paragraph four (4) contain conclusions of law and therefore, no response is required.

5. It is Admitted only that the underlying insurance contract at issue herein was executed in part, within the Eastern District of Pennsylvania. To the extent that this paragraph sets forth conclusions of law, no response is required.

**III. Answer to Parties**

6. After reasonable investigation, Answering Defendants are without sufficient knowledge to form a belief as to the truth of the averments in paragraph six (6) and therefore, deny same and demand strict proof thereof at a Trial of this matter.

7. Admitted.

8. Admitted.

9. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to form a belief as to the truth of the averments in paragraph nine (9) and therefore, deny same and demand strict proof thereof at a Trial of this matter. Responding further, to the extent that the allegations in paragraph nine (9) contain conclusions of law, no response is required.

**IV. Answer to Operative Facts**

10. Denied. The allegations in paragraph ten (10) contain conclusions of law and therefore, no response is required. The allegations in paragraph twelve (12) are admitted only to the limited extent that Defendant, Mercury Insurance Company of Florida, Inc., issued a policy

of insurance to Plaintiff, Dina Irace. Said policy contained coverages that were contingent upon all policy terms, conditions, exclusions and limitations.

11.     Ommitted in Complaint.

12.     Ommitted in Complaint.

13.     It is admitted only that Plaintiffs have referred to a copy of the standard terms applicable to the relevant First Mercury insurance policy, a document which speaks for itself as Plaintiffs' Exhibit "A". To the extent that the language quoted in this paragraph misconstrues the terms of the policy, is taken out of context, and not presented along with all other provisions of the policy relevant to the claims and defenses herein, it is denied.

14.     Denied in part. Admitted in part. It is specifically denied that Plaintiffs, Mohammad Tlili and Dina Irace, individually or as husband and wife, at any time owned a 200 Mercedes Benz S430. The allegations in paragraph thirteen (13) are admitted only to the extent that Plaintiff, Dina Irace, secured an insurance policy with Mercury Insurance Company of Florida, Inc. wherein a 2000 Mercedes Benz S430 was the listed vehicle.

15.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to form a belief as to the truth of the averments in paragraph fifteen (15), and therefore, deny same and demand strict proof thereof at a Trial of this matter.

16.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to form a belief as to the truth of the averments in paragraph sixteen (16), and therefore, deny same and demand strict proof thereof at a Trial of this matter.

17.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to form a belief as to the truth of the averments in paragraph seventeen (17), and therefore, deny same and demand strict proof thereof at a Trial of this matter.

17.     Denied. After reasonable investigation, Answering Defendants are without

sufficient knowledge to form a belief as to the truth of the averments in paragraph seventeen

(17), and therefore, deny same and demand strict proof thereof at a Trial of this matter.

18.     Denied.

19.     Denied as stated. It is admitted only that the claims process was initiated at some

point by Plaintiff, Dina Irace, after the subject vehicle was reported as stolen. It is denied that an

"insurance claim was submitted" by Plaintiffs on the date alleged herein.

20.     Denied as stated. The allegations in paragraph twenty (20) are admitted only to

the extent that it is the understanding of Answering Defendants that the subject vehicle was

recovered on September 18, 2008.

21.     Denied as stated. The allegations in paragraph twenty one (21) are admitted only

to the extent that certain components of the vehicle, such as the headlights and taillights were

removed. It is admitted that Dina Irace filed a claim for damages to the subject vehicle.

22.     Denied as stated. It is admitted that Plaintiff Dina Irace was insured by a First

Mercury Policy and had paid premiums to maintain such coverage. It is denied that Plaintiff

Irace's claim for the subject vehicle underlying the instant action was covered under the express

terms of the policy.

23.     Denied. The allegations in paragraph twenty two (23) are admitted only to the

extent that Plaintiff, Dina Irace, submitted to an Examination Under Oath on March 31, 2009, in

which she simply advised that she wished the opportunity to retain counsel prior to submitting to

an Examination Under Oath and submitted to an Examination Under Oath with counsel on June

29, 2009.

24. Denied as stated. The allegations in paragraph twenty four (24) are admitted only to the extent that on October 29, 2009, Defendant, Mercury Insurance Company of Florida, Inc., denied the subject claim.

25. Denied as stated. The allegations in paragraph twenty five (25) are admitted only to the extent that on October 29, 2009, Defendant, Mercury Insurance Company of Florida, Inc., denied the subject claim.

26. Denied as stated. The allegations in paragraph twenty six (26) are admitted only to the extent that on October 29, 2009, Defendant, Mercury Insurance Company of Florida, Inc., denied the subject claim.

**V. Answer to Causes of Action**

**ANSWER TO COUNT I**
**BAD FAITH**

27. Denied. The allegations in paragraph twenty-four (24) contain conclusions of law, and therefore, no response is required. However, it is specifically denied that Mercury Insurance Company's conduct constituted bad faith pursuant to 42 Pa. C.S.A. § 8371 et seq.

28. Denied. The allegations in paragraph twenty-five (25) contain conclusions of law, and therefore, no response is required. However, it is specifically denied that Answering Defendants engaged in any bad faith conduct; further, it is specifically denied that Answering Defendants:

a. Failed to accept coverage for Plaintiffs' claim when it knew or should have known that the claim was covered under and pursuant to the policy. On the contrary, Plaintiffs' claim was excluded under the clear and unambiguous terms of the policy and the law and was properly denied;

b. Refused to pay Plaintiffs' claim without conducting a reasonable investigation based upon all available information. On the contrary, Plaintiffs' claim was fully evaluated through a thorough investigation.

c. Failed to adopt and implement reasonable standards for the prompt investigation of claims arising under Plaintiffs' insurance policy. On the contrary, any delay in investigation of the claim was due solely to the dilatory conduct of Plaintiffs.

e. Failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the Plaintiffs' claim. To the contrary, a detailed denial letter was forwarded to Plaintiff upon denial of the claim on October 29, 2009.

h. Established and exhibited a pattern and practice of bad faith representation and/or conduct benefiting the interests of the Defendants to the detriment of the Plaintiffs.

**ANSWER TO COUNT II**
**BREACH OF CONTRACT**

29. Denied. The allegations in paragraph twenty nine (29) contain conclusions of law and therefore, no response is required. By way of further response, it is denied that Plaintiff, Mohammad Tlili, was a party to any contract with Answering Defendants; it is denied that any contract existed other than the subject insurance policy and it is specifically denied that Answering Defendants breached any contract or in any way caused Plaintiffs' alleged injuries.

30. Denied. The allegations in paragraph thirty (30) contain conclusions of law and therefore, no response is required. However, it is specifically denied that Answering Defendants breached any duty owed to Plaintiffs or any contract with the Plaintiffs, or in any way caused Plaintiffs' alleged injuries.

**VI. Prayer for Relief**

**WHEREFORE**, Answering Defendants, Mercury Insurance Company of Florida, Inc. and Mercury General Corporation, respectfully request judgment in their favor and against the Plaintiffs.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

31. The Plaintiffs' claims are barred and/or lessened by the applicable clauses of the contract of insurance entered into between the parties, including, but not limited to, exclusions, conditions, limitations and terms.

## SECOND AFFIRMATIVE DEFENSE

32. Plaintiffs' claims may be limited and/or barred due to Plaintiffs' failure to mitigate damage.

## THIRD AFFIRMATIVE DEFENSE

33. Plaintiffs' claims may be limited and/or barred due to Accord, Satisfaction, Laches or Estoppel.

## FOURTH AFFIRMATIVE DEFENSE

34. Plaintiffs' claims may be barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

35. The damages claimed by Plaintiff are not reasonable and/or necessary, but instead excessive and unreasonable.

## SIXTH AFFIRMATIVE DEFENSE

36. Plaintiffs failed to comply with all conditions precedent to obtain coverage under the applicable policy of insurance.

**SEVENTH AFFIRMATIVE DEFENSE**

37. Plaintiffs failed to comply with the obligations under the applicable policy of insurance.

**EIGHTH AFFIRMATIVE DEFENSE**

38. Plaintiffs breached the applicable insurance policy and accordingly, Defendants have no duty herein under the policy.

**NINTH AFFIRMATIVE DEFENSE**

39. Plaintiffs' claims are barred by the material misrepresentations of the Plaintiffs and/or Plaintiffs' agents as to how the damage occurred and the specific items of damage. The material misrepresentations include, but are not limited to:

a. Misrepresentations and omissions relative to marital status;

b. Misrepresentations and omissions relative to ownership of the vehicle;

c. Misrepresentations and omissions relative to activities on the date of the loss;

d. Misrepresentations and omissions relative to how the vehicle was last moved;

e. Misrepresentations and omissions relative to residents in the household; and

f. Misrepresentations and omissions relative to drivers in the household.

**TENTH AFFIRMATIVE DEFENSE**

40. Plaintiffs' claims are barred by the material misrepresentations in the application of insurance.

**ELEVENTH AFFIRMATIVE DEFENSE**

41. On the date of the loss, Plaintiffs' policy had a deductible.

**TWELFTH AFFIRMATIVE DEFENSE**

42. Defendants' liability is based on the policy of insurance, which is a contract between the parties and application of the legal rule so as to broaden Defendants' liability would be taking of property without due process of the law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

43. Defendants' liability is based on the policy of insurance, which is a contract between the parties and application of the legal rule so as to broaden Defendants' liability as barred as a matter of equity.

**FOURTEENTH AFFIRMATIVE DEFENSE**

44. Plaintiffs are not entitled to recover attorneys fees, costs or any other special or exemplary damages in this matter since Defendants allege withholding of benefits at issue is made in good faith and based on reasonable cause.

**FIFTEENTH AFFIRMATIVE DEFENSE**

45. Plaintiffs have no insurable interest in the subject vehicle.

**SIXTEENTH AFFIRMATIVE DEFENSE**

46. Defendants relied on advise of counsel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

47. Plaintiffs failed to cooperate, thus, all claims are barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

48. Said claims are excluded pursuant to the clear and unambiguous terms of the subject policy.

**WHEREFORE**, Defendant respectfully requests this Honorable Court to enter judgment in its favor and against Plaintiffs.

## COUNTERCLAIM

**FACTS**

**Application**

49. On or about April 11, 2008, Plaintiff, Dina Irace, completed an insurance application. *[See insurance application attached hereto as Exhibit "A."]*[1]

50. The named insured is listed as Dina Marie Irace.

51. "Mohammad Tlili" with a date of birth of April 13, 1976 is listed as Dina Irace's "spouse."

52. The insured's vehicle is listed as a 2000 Mercedes Benz S 430 with a Vin Number of WDBNQ70J5YA023779.

53. The total number of vehicles owned or leased by all residents of the household, including the listed car and cars not covered by the policy, is noted to be "1."

54. It was asserted that all vehicles were registered solely to the named insured.

**Subject Vehicle**

55. The subject vehicle is titled solely in the name of Mohammad Marouan Tlili.

---

[1] Defendants are attempting to obtain a more legible copy of the insurance application and upon receipt will provide same accordingly.

56     The vehicle was never titled in the name of Dina Irace of her alleged husband, Marouan Safouan Tlili.

57.     There was only one key in existence for the subject Mercedes.

58.     Upon purchase of the vehicle it was discovered that a new transmission was necessary.

59.     According to the insured, a used transmission was installed in the vehicle by a friend of Plaintiff, Mohammad Tlili. (Believed to be Safouan Tlili).

**Theft**

60.     On September 9, 2008, the vehicle was originally reported parked at the intersection of 3rd and Fitzwater Streets, Philadelphia, Pennsylvania and discovered missing at 3:30 p.m.

61.     The vehicle was reported stolen to the police at 6:22 p.m.

62.     The vehicle was recovered on September 18, 2008 with missing headlights, taillights, and radio.  The wheels and air bags were intact.

63.     The subject vehicle was equipped with an intrusion alarm.

64.     The subject vehicle is equipped with a "driver authorization system (DAS), which is a "rolling code" transponder security system.

65     The DAS system was not defeated and a key with the correct transponder value and infrared signal would have been necessary to start the vehicle.

66.     There is no known way to defeat the subject vehicle's DAS system by traditional theft means.

67.     Mohammad Marouan Tlili asserted that he parked the vehicle on September 9, 2008 between 2:00 p.m. and 2:30 p.m. "to kill time."

68. Mohammad Marouan Tlili later stated that he discovered his vehicle missing between 4:00 p.m. and 4:30 p.m.

69. Mohammad Marouan Tlili initially stated that his "girlfriend," Dina Irace, picked him up from the loss location.

70. Dina Irace stated that the only people in her household who drove were her mother and her husband, "Mohammad Tlili."

71. Dina Irace stated that she had been married to Mohammad Tlili since July 4, 2008.

72. Dina Irace stated that she drove a Chevrolet Impala, her mother drove a Toyota Sienna, and that the only one who drove the Mercedes was "Mohammad."

73. Dina Irace advised that on September 9, 2008 "Mohammad" told her that he was going into town to visit a friend on South Street.

74. "Mohammad" called her after a few hours and advised that the vehicle was missing.

75. On November 10, 2008, Mohammad Marouan Tlili stated that on September 9, 2008 he left his home between 9:30 a.m. and 9:45 a.m. to "drive around."

76. Mohammad Marouan Tlili claims to have parked at 3rd and Fitzwater Streets in Philadelphia, Pennsylvania and walked around for two hours visiting a "friend" and returned to discover the vehicle missing.

77. Mohammad Marouan Tlili stated that he called the police at 2:00 p.m. and called "his wife" to pick him up.

78. Mohammad Marouan Tlili advised that he was married to Dina Irace for less than one year.

79.     On March 30, 2009, Mohammad Marouan Tlili testified that he resides with his brother, Mohammad Safouan Tlili; his brother's wife, Plaintiff, Dina Irace; Dina Irace's mother, Margaret Mauer; and Dina Irace's three children.

80.     Mohammad Marouan Tlili advised that at the time of the theft he and his brother lived in a "back room" and slept on the sofa.

81.     At the time of the theft, Mohammad Marouan Tlili owned a property at 1232 Federal Street, Philadelphia, Pennsylvania.

82.     Mohammad Marouan Tlili asserted that in addition to the Chevrolet driven by Dina Irace, the Toyota driven by Ms. Mauer, and his Mercedes, his brother, Mohammad Safouan Tlili, drove a "Mercury."

83.     Mohammad Marouan Tlili testified that after purchasing the vehicle, he had the vehicle towed to Federal Street.

84.     Mohammad Marouan Tlili testified that he arrived on South Street on September 9, 2008 at approximately 1:00 p.m., visited a "friend" who owned a jewelry store and after 1 ½ to 2 hours discovered the vehicle missing.

85.     Mohammad Marouan Tlili testified that Dina Irace picked him up and that she arrived before the police.

86.     Mohammad Marouan Tlili testified that Ms. Irace first drove him to the Federal Street property and then to their mutual home, where he remained for the night.

87.     On June 29, 2009, Plaintiff, Dina Irace, testified that Mohammad Marouan Tlili did not leave home until "after lunch" and was going to "meet friends."

88.     Between 3:00 p.m. and 4:00 p.m., Plaintiff, Dina Irace, received a call from Mohammad Marouan Tlili stating that he could not locate his vehicle.

89.     Dina Irace noted that she picked up Mohammad Marouan Tlili and drove him straight home.

90.     As part of the insurance company's investigation, it was requested that the insured provide the following documents:

- Business and personal Federal income tax returns for the years 2007 and 2008;

- Copies of any tow receipts relative to towing the vehicle from either the parking authority or the Amosland property;

- Documentation relative to the installation of the transmission;

- Documentation relative to prior insurance on the subject Mercedes;

- The name and contact information of the mechanic who installed the subject transmission;

- The name and contact information of the individual who owns the jewelry store on South Street;

- A copy of Dina Irace's marriage license to Mohammad Safouan Tlili; and

- Copies of bank statements of Dina Irace, Mohammad Marouan Tlili for August 2008 and September 2008;

91.     This request was made in writing on July 6, 2008.

92.     On July 27, 2008, the Examination Under Oath transcripts were forwarded to counsel for Dina Irace and Mohammad Marouan Tlili and they were asked to review and verify same.

93.     On August 18, 2008, another letter was mailed to Plaintiff's counsel requesting the documents and the signed transcripts.

94.     On November 23, 2009, counsel forwarded the 2008 joint tax returns for Dina Irace and Mohammad Safouan Tlili, Dina Irace's 2006 tax return and Mohammad Marouan Tlili's 2006 tax return.

95. The signed Examination Under Oath transcripts, the complete tax return information, tow receipts, documentation relative to the transmission replacement, documentation relative to prior insurance, contact information for the mechanic who allegedly installed the transmission and contact information for the individual who owned the jewelry store on South Street were never provided.

**Policy Language**

96. The subject policy contains the following policy language:

* * *

**Non-Owned Car**—a ***car*** **not:**

1. ***Owned*** by, registered or leased in the name of or furnished or available for the regular or frequent use by:

   a. ***You*** or ***your*** employer;

   b. A ***resident*** or a ***resident's*** employer; or

   c. A non-resident spouse or that spouse's employer.

   d. Any **relative** or **relative's** employer.

2. Rented and used in an ***insured's*** employment or business.

3. ***Operated*** by, rented to, leased by or in the possession of an ***insured*** during any part of each of the last 21 or more consecutive days unless the car was rented under a written and signed rental agreement from a company authorized and licensed to rent ***cars*** and rented/leased for the sole benefit of an ***insured*** for a period of less than 30 days.

The use has to be within the scope of consent of the ***owner*** or person in lawful possession of it.

* * *

***Insured*** – the persons described as insured's under each coverage.

* * *

***Named Insured*** – the person identified as such in the ***declarations page***.

* * *

***Relative*** – means a person related to ***you*** by blood, marriage or adoption that lives with ***you***. It includes ***your*** unmarried and unemancipated child away at school.

* * *

***Resident*** or ***Residing*** – means a person who inhabits the same dwelling ***you*** inhabit.

* * *

***Spouse*** – means ***your*** husband or wife living with ***you***.

* * *

***You*** or ***Your*** – means the named insured or named insureds shown on the declarations page.

* * *

***Your Car*** – means a ***car*** or a vehicle described on the declaration page.

* * *

**DECLARATIONS CONTINUED**

***We***, the Mercury Insurance Company, agree to insure ***you*** according to the terms of this policy based:

1. On your payment of premium for the coverages ***you*** chose; and
2. In reliance on your statements in these ***declarations page***. ***You*** agree, by acceptance of this policy that:
1. The statements in these declarations are ***your*** statements and are true:
2. We insure ***you*** on the basis ***your*** statements are true; and
3. This policy contains all of the agreements between ***you*** and ***us*** or any of our agents; and
4. Ownership. ***You*** are sole owner(s) of ***your*** car.

* * *

## REPORTING A CLAIM – INSURED'S DUTIES

1. **Notice to *us* of an *Accident* or *Loss***

   An ***insured*** must give ***us*** or one of ***our*** agents written notice of the ***accident*** or ***loss*** as soon as reasonably possible. The notice must give ***us***:

   a. ***Your*** name;

   b. The names and addresses of all persons involved and whether they are injured;

   c. The license plate numbers of the vehicles involved;

   d. The hour, date, place and facts of the ***accident*** or ***loss***; and

   e. The names and addresses of witnesses.

* * *

3. **Other Duties under the *Collision* or *Comprehensive* Coverages**

   When there is a ***loss*** or ***accident***, ***you*** or the ***owner*** of the property also shall:

   a. Make an immediate prompt report to the police when the loss is the result of theft, fire, or larceny;

   b. Protect the damage vehicle. ***We*** will pay any reasonable expense incurred to do it;

   c. Let ***us*** inspect the damaged vehicle before it is repaired;

   d. Provide all records, receipts and invoices, or certified copies of them. ***We*** may make copies; and

   e. The ***insured*** also shall answer questions under oath when asked by anyone ***we*** name, as often as ***we*** reasonably ask, and sign copies of the answers.

   f. Cooperate with ***us*** in any matter concerning the claim or lawsuit.

* * *

5. ***Insured's*** **Duty to Cooperate With** ***Us***

   The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

   a. Making settlements;

   b. Securing and giving evidence; and

   c. Attending and getting witnesses to attend hearings and trials.

   d. Providing any written proof of ***loss*** or ***accident we*** may reasonably require.

   e. Giving recorded statements and/or submitting to examinations under oath when requested by ***us***. These recorded statements may be in-person or over the telephone at ***our*** sole option. If the statement or examination under oath is in-person, ***we*** shall choose the location of the statement. If there is more than one statement and/or examination under oath required from multiple persons each is required to submit to the statement and/or examination under oath separately, while not in the presence of any other person giving a statement and/or submitting to an examination under oath.

   f. When any examination (including examinations under oath) are performed at ***our*** request, or at ***our*** expense for coverage under this policy, no one except us and one person representing legal counsel that you have obtained shall have any right to:

      1. Attend or be present

      2. Videotape, photograph, or record by any means; or

      3. Have a court reporter present at the examination unless ***we*** consent. A copy of the transcript of the examination shall be provided to ***you*** if ***you*** request it in writing.

      The ***insured*** shall not, except at his or her own cost voluntarily:

      a. Make any payment or assume any obligation to others; or

    b. Incur any expense, other than for first aid to others.

* * *

## GENERAL EXCLUSIONS

Applicable to all coverage's except as shown below. Additional exclusions applicable to each coverage are listed in this policy under each coverage.

1. This policy, or any continuation, renewal with or without lapse, replacement or reinstatement with or without lapse, shall not apply;

* * *

c. When an ***insured car*** is used by anyone who ***resided*** with ***you*** at the time ***you*** applied for this the policy unless such ***resident*** was listed in ***your*** application for this policy.

* * *

e. If the information, in your application for this policy, includes a material misrepresentation and/or material omission.

* * *

h. For any ***loss*** or ***accident*** where there occurs any material misrepresentation, fraud, or concealment of material facts in the presentation of a claim.

* * *

2. ***Residents*** under age 14 will be specifically excluded from all coverage when they attain age 14. When the ***resident*** is licensed to drive a ***motor vehicle***, you may request coverage in writing, through ***your*** agent and pay the appropriate premium. You agree to reimburse ***us*** for any payment made by ***us*** to a creditor because of a ***loss*** or ***accident*** arising from the use of a ***motor vehicle*** by any:

   a. ***Resident***(s) in your household at the time of the policy application.

   b. ***Resident***(s) in your household at the time of any renewal/reinstatement questionnaires by us.

c. ***Resident***(s) who are living in the household when we periodically request information on all household residents.

d. Regular users of ***your car***. A regular user is defined as a driver who operates your ***car*** more than 3 times per month and who is not listed as a driver on this policy.

* * *

## SECTION IV—PHYSICAL DAMAGE

### COMPREHENSIVE – COVERAGE B

1. ***Loss*** to ***your car*** or a ***non-owned car***. ***We*** will pay for ***loss*** except ***loss*** by ***collision*** but only for the amount of each such loss in excess of the deductible amount. Breakage of glass, or loss caused by missiles, falling objects, fire, theft, larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion is payable under this coverage. ***Loss*** due to hitting or being hit by a bird or an animal is payable under this coverage. ***We*** will pay for loss by collision to a ***non-owned*** car only when operated with the permission of the owner of the ***car*** by the ***named insured*** or a ***relative*** listed on the ***declarations page***.

2. ***We*** will repay you for transportation costs if ***your car*** is stolen. ***We*** will pay up to $20.00 per day to a total of $600 for the period that begins 48 hours after ***you*** tell ***us*** of the theft. If ***your car*** is found and is repairable, the rental period ends when ***your car*** is repaired. If ***your car*** is not located or is located and deemed to be a total loss, the rental period ends when ***we*** pay for the ***loss***.

* * *

**EXCLUSIONS – WHEN COVERAGES B, C, H AND R DO NOT APPLY**

There is no coverage for:

* * *

5. ***Loss***:

   c. Due to coercion, embezzlement, secretion or theft by;

* * *

(2) ***You***, a ***relative***, or a resident of ***your*** household.

* * *

**Legal Action against us under Part IV – Physical Damage**

**We** may not be sued unless there is full compliance with the terms of this policy....

* * *

---

**CONDITIONS**

---

**POLICY CHANGES**

This policy, your insurance application (which is made a part of this policy as if attached hereto), the ***Declarations Page***, as amended, and endorsements to this policy issued by us contain all the agreements between ***you*** and ***us***. Subject to the following, its terms may not be changed or waived except by and endorsement issued by ***us***.

The premium for each ***car*** is based on information ***we*** have received from ***you*** or other sources. ***You*** agree to cooperate with ***us*** in determining if this information is correct and complete and ***you*** will notify ***us*** if it changes during the policy period, ***we*** may adjust ***your*** premium during the policy period, or take other appropriate action. To properly insure ***your car***, ***you*** must promptly notify ***us*** when:

1. ***You*** change your address;
2. Any resident operators are added or deleted; or

3. You acquire an additional or replacement car.

Changes that may result in a premium adjustment are contained in our rates and rules. These include, but are not limited to, you or a relative obtaining a driver's license or operator's permit or changes in:

1. The number, type, or use classification of insured cars;

2. Operators using insured cars;

3. An operator's marital status;

4. The place of principal garaging of any insured cars;

5. Coverage, deductibles, or limits of liability; or

6. Rating territory or discount eligibility.

* * *

**FRAUD OR MISREPRESENTATION**

This policy was issued in reliance upon the information provided on your insurance application. ***We*** may, at our option, void this policy or deny coverage for the claim within the first 60 days after the policy has been issued, if ***you*** or an ***insured*** person:

1. Made incorrect statements or representations to ***us*** with regard to any material fact or circumstance;

2. Concealed or misrepresented any material fact or circumstance; or

3. Engaged in fraudulent conduct at the time application was made or any subsequent questioners/forms/statements were signed.

If the policy has been in effect for 60 or more days ***we*** may deny coverage if:

1. There is intentional material misrepresentation or omission by an ***Insured***;

2. The material misrepresentation or omission could not have been reasonably discovered in less than 60 days;

3. The material misrepresentation or omission would have rendered the risk unacceptable.

> No person who engages in fraudulent conduct in connection with an ***accident*** or claim shall be entitled to receive any payment under this policy.
>
> ***We*** may deny coverage for an ***accident*** or ***loss*** if ***you*** or an ***insured*** person have knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim. If ***you*** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim, ***we*** shall be entitled to reimbursement from you for all sums paid by us as a result of the ***accident*** or ***loss***.

**COUNT I**

**BREACH OF CONTRACT**

97. Defendants, Mercury Insurance Company of Florida and Mercury General Corporation, incorporate paragraphs one through ninety six (1.-96.) as though fully set forth herein at length.

98. Plaintiff, Dina Irace, breached the Declarations of the policy by affirming that the subject vehicle was owned by her.

99. The vehicle was not owned by Dina Irace, but her husband's brother, Mohammad Marouan Tlili.

100. Plaintiff breached the conditions of the policy by failing to provide all of the records, receipts and invoices, failing to sign copies of her Examination Under Oath transcript, and failing to cooperate fully concerning the investigation of the claim.

101. The subject vehicle was owned by Mohammad Marouan Tlili, who is alleged to have resided with Dina Irace, but was not listed on the policy application, thus, Plaintiff breached the terms of the policy.

102. The insurance application includes multiple material misrepresentations and omissions, including, but not limited to, Dina Irace's marital status, the identify of the owner of

the subject vehicle, the number of drivers in the household, and the number of residents in the household. Thus, Dina Irace breached the terms of the subject policy.

103. Dina Irace and Mohammad Tlili misrepresented, omitted, and concealed material facts in the presentation of the claim, thus, breached the insurance contract.

104. The subject policy was breached as the subject vehicle was damaged by coercion, embezzlement, secretion, or theft by an insured or resident of the household.

105. Dina Irace and/or Mohammad Tlili filed suit without fully complying with the terms of the insurance policy. Accordingly, Plaintiffs breached the terms of the subject policy.

106. Dina Irace and/or Mohammad Tlili made intentional material misrepresentations and omissions that could not have been reasonably discovered within sixty days, thus breached the terms of the policy.

107. Dina Irace and/or Mohammad Tlili engaged in fraudulent conduct in connection with the subject claim, thus, breached the terms of the policy.

**WHEREFORE**, Mercury Insurance Company of Florida and Mercury General Corporation, respectfully request judgment in their favor and against the Plaintiffs.

**COUNT II**

**18 Pa. C.S.A. § 4117**

108. Defendants, Mercury Insurance Company of Florida and Mercury General Corporation, incorporate paragraphs one though one hundred seven (1.-107.) as though fully set forth herein at length.

109. Dina Irace and/or Mohammad Tlili knowingly and with the intent to deceive submitted claims containing false and misleading information, including, but not limited to, false and misleading information relative to :

      a.     their activities on the date of the loss;

      b.     the chronology of events on the date of the loss;

      c.     marital status;

      d.     people residing in the household; and

      e.     circumstances surrounding how the vehicle was last moved.

110.     Dina Irace and Mohammad Tlili knowingly and with intent to defraud filed an application for insurance containing false information including, but not limited to, false information concerning:

      a.     Marital status

      b.     Ownership of the subject vehicle;

      c.     Residents of the household; and

      d.     Drivers in the household.

111.     Dina Irace and Mohammad Tlili's actions constitute violations of 18 Pa. C.S. §4117.

112.     Dina Irace and Mohammad Tlili's actions constitute a pattern of fraud pursuant to 18 Pa. C.S. §4117.

**WHEREFORE**, Mercury Insurance Company of Florida and Mercury General Corporation, respectfully request judgment in their favor and against the Plaintiffs, Dina Irace and Mohammad Tlili, including compensatory damages, costs, attorneys fees, and treble damages.

**COUNT III**

**Fraud**

113. Defendants, Mercury Insurance Company of Florida and Mercury General Corporation, incorporate paragraphs one through one hundred twelve (1.-112.) as though fully set forth herein at length.

114. The Plaintiffs have misrepresented and concealed material facts including, but not limited to:

a. Misrepresentations and omissions relative to marital status;

b. Misrepresentations and omissions relative to ownership of the vehicle;

c. Misrepresentations and omissions relative to activities on the date of the loss;

d. Misrepresentations and omissions relative to how the vehicle was last moved;

e. Misrepresentations and omissions relative to residents in the household; and

f. Misrepresentations and omissions relative to drivers in the household.

115. Defendants, Mercury Insurance Company of Florida and Mercury General Corporation justifiably relied on the subject misrepresentations of Plaintiffs in writing the policy of insurance and investigating the subject loss.

116. As a result of Plaintiffs' fraudulent conduct, Defendants, Mercury Insurance Company and Mercury General Corporation, was obligated to incur investigative costs and attorneys' fees.

117. Plaintiffs' conduct was outrageous, wanton and intentional.

**WHEREFORE**, Mercury Insurance Company of Florida and Mercury General Corporation, respectfully request judgment in their favor and against the Plaintiffs, Dina Irace and Mohammad Tlili, including costs, attorneys fees, and punitive damages.

**COUNT IV**

**Negligent Misrepresentation**

118. Defendants, Mercury Insurance Company of Florida and Mercury General Corporation, incorporate paragraphs one through one hundred seventeen (1.-117.) as though fully set forth herein at length.

119. The Plaintiffs have misrepresented and concealed material facts including, but not limited to:

a. Misrepresentations and omissions relative to marital status;

b. Misrepresentations and omissions relative to ownership of the vehicle;

c. Misrepresentations and omissions relative to activities on the date of the loss;

d. Misrepresentations and omissions relative to how the vehicle was last moved;

e. Misrepresentations and omissions relative to residents in the household; and

f. Misrepresentations and omissions relative to drivers in the household.

120. The misrepresentations and omissions were made under circumstances which the Plaintiffs ought to have known of the falsity of the representation.

121. Plaintiffs made the misrepresentations with an intent to induce Defendants to act upon those representations.

122. As a result of the negligent conduct, Mercury was caused to suffer damages including costs and attorneys fees.

**WHEREFORE**, Mercury Insurance Company of Florida and Mercury General

Corporation, respectfully request judgment in their favor and against the Plaintiffs, Dina Irace

and Mohammad Tlili, including compensatory damages, costs, and attorneys fees.

**Respectfully submitted,**

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

By:     */s/ Dean H. Malik/DHM1415*
        Dean H. Malik, Esquire
        PA #80705
        10 N. Main Street, 2nd Floor
        Doylestown, PA 18901
        (267)-880-2032
        dhmalik@mdwcg.com

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: Dean H. Malik, Esquire
PA #80705
10 N. Main Street, 2nd Floor
Doylestown, PA 18901
(267)-880-2032

---

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Mohammad Tlili and Dina Irace** | : | |
| **Individually, and h/w** | : | |
| **1310 Amosland Road** | : | |
| **Prospect Park, PA 19076** | : | **No. 10-CV-1747** |
| **v.** | : | |
| **Mercury Insurance Company of Florida** | : | |
| **1901 Ulmerton Road** | : | |
| **Clearwater, FL 33762** | : | |
| **and** | : | |
| **Mercury General Corporation** | : | |
| **4484 Wilshire Blvd.** | : | |
| **Los Angeles, CA 90010** | : | |
| **and** | : | |
| **John Does 1-10** | | |

**CERTIFICATE OF SERVICE**

I, Dean H. Malik, Esquire, do hereby certify that a true and correct copy of Defendants' Answer to Plaintiffs' First Amended Complaint with Affirmative Defenses and Counter-Claim was served upon all parties by first class mail on August 19, 2010 at the following addressees:

Matthew B. Weisberg, Esquire
Prochniak Weisberg, P.C.
7 South Morton Avenue
Morton, PA 19070

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: /s/ Dean H. Malik, Esquire
Dean H. Malik, Esquire
PA #80705
10 N. Main Street, 2nd Floor
Doylestown, PA 18901
(267)-880-2032
dhmalik@mdwcg.com

# EXHIBIT A



Mercury Insurance Company of Florida
A member of the Mercury Insurance Group

Jenny Kretz
APR 17 2008

| Policy Number | From | At | To | At |
|---|---|---|---|---|
| PAA9010734 | 04/11/2008 ✓ | 12:01 AM | 10/11/2008 ✓ | 12:01 AM |

| Producer Code | Sub Code | Producer Name | Telephone |
|---|---|---|---|
| BP256 PA | 002 | North East Insurance Outlet | 2153601180 |

| Applicant's SS # | Spouse's SS # | Payment Plan | Down Payment Type | Down Payment Amount |
|---|---|---|---|---|
| xxx-xx-xxxx | xxx-xx-xxxx | PA Full Pay ✓ | Credit Card | $512.00 |

STREET #1: 1310 Amosland Rd
STREET #2:
CITY / STATE / ZIP: Prospect Park / PA / 19076 ✓

Are all cars garaged at Applicant's Mailing Address? Yes — If "No" show in garaging address section.

Does the Named Insured or any resident own, rent or lease a residence in another state? No — If "Yes", explain in comments.

| HOME PHONE | BEST TIME TO CALL | BUS. PHONE | BEST TIME TO CALL |
|---|---|---|---|
| 2676949950 | 8:00 am to 10:00 am | | 8:00 am to 10:00 am |

**SHOW BELOW ALL PERSONS INCLUDING DOMESTIC HELP WHO WILL DRIVE THE CARS LISTED IN THIS APPLICATION.**

**Dina marie Tlili** IRACE

| DR. NO. | DR. LICENSE NO. | LIC. STATE | DATE LICENSED | MARITAL STATUS | SEX |
|---|---|---|---|---|---|
| 1 | 22799220 | PA-Pennsylvania | 04/1988 | Married ✓ | Female ✓ |
| **DATE OF BIRTH** | **REL. TO APP.** | **VEH DRIVEN** | **FREQ** | **VEHICLE USE** | **ACC. PREV** |
| 06/02/1972 | Insured | 1 ✓ | Greater than 50% ✓ | Work or School | N |

*If Licensed other than Pennsylvania, provide proof of licensing for past 3 years.*

| OCCUPATION DESCRIPTION | EMPLOYER/SCHOOL NAME | EMPLOYER/SCHOOL COMPLETE ADDRESS | BUSINESS TYPE | YEARS EMPLOYED |
|---|---|---|---|---|
| Other | Phila Airport | Prince Blvd Phila Pa 19104 | Security | 5 |

✓MQ=6

**Mohamed Tlili**

| DR. NO. | DR. LICENSE NO. | LIC. STATE | DATE LICENSED | MARITAL STATUS | SEX |
|---|---|---|---|---|---|
| 2 | 25778702 | PA-Pennsylvania | 04/1992 | Married ✓ | Male ✓ |
| **DATE OF BIRTH** | **REL. TO APP.** | **VEH DRIVEN** | **FREQ** | **VEHICLE USE** | **ACC. PREV** |
| 03/13/1976 ✓ | Spouse | 1 ✓ | Less than 50% ✓ | Pleasure Use | N |

*If Licensed other than Pennsylvania, provide proof of licensing for past 3 years.*

| OCCUPATION DESCRIPTION | EMPLOYER/SCHOOL NAME | EMPLOYER/SCHOOL COMPLETE ADDRESS | BUSINESS TYPE | YEARS EMPLOYED |
|---|---|---|---|---|
| Other | unemployed | un | un | 5 |

| DO NOT BIND: 1. Felony Conviction, 2.Conviction for Auto Theft (see manual), 3. 3 MAJOR citations with 2 in last 5 years | | |
|---|---|---|
| 1. | Has any driver ever been treated for epilepsy, diabetes or heart condition? | No |
| 2. | Does any driver have any physical impairment or deformity? | No |
| 3. | Has any driver had her/his driver license revoked, suspended, restricted or expired in the last 5 years? | No |
| 4. | Has any driver had her/his insurance cancelled, declined or renewal refused in the last 3 years? | No |
| 5. | Has any driver been convicted for a moving violation in the last 5 years? | No |
| 6. | Ever been convicted for any alcohol related incident, hit and run, reckless driving, manslaughter or refusal to take Intoximeter test? | No |
| 7. | Has any driver ever been convicted of a criminal offense? | No |
| 8. | Has any driver been involved in an accident in the last 5 years? | No |
| 9. | Has any driver had a motor vehicle stolen in the last 10 years? | No |
| 10. | Does applicant own, rent or lease a residence in another state? | No |
| Remarks: | | |

Jenny Kretz

APR 17 2008

## Vehicles

| 2000 MERCEDES BENZ S430 ✓ | | | | |
|---|---|---|---|---|
| **VEH NO.** | **VIN** | **PD SYMBOL** | **BIPD SYMBOL** | **CAR TYPE** |
| 1 | wdbng70j5ya023779 ✓ | 25 ✓ | 285 ✓ | Private Passenger Vehicle |
| **USAGE (WK-PL-BU)** | **MILEAGE ONE WAY** | **ANNUAL MILEAGE** | **MULTI CAR (Y/N)** | **TERRITORY** |
| Work or School | 3 ✓ 6 | 10000 | Not Applicable ✓ | 41 |
| **POL. TYPE** | **POINTS** | **ANTI-THEFT** | **ANTI-LOCK** | **PASSIVE RESTRAINT** |
| Standard ( 2) ✓ | 0 ✓ | Passive Device ✓ | Four Wheels ✓ | Airbags for all Front Seat Passengers |
| **PERSISTENCY (0-5)** | **PIP SYMBOL** | | | |
| P ✓ | 470 ✓ | | | |

Jenny Kretz

APR 17 2008

## Camper or Shell

List pickup trucks equipped with a camper or shell for which coverage is desired.

| Car No. | Type | Year | Description | Serial Number | Cost New |
|---|---|---|---|---|---|
| NONE | | | | | |

## Special Equipment

Describe below all special equipment if value in each car exceeds $1,000 including radios, tape or CD players, amplifiers, equalizers and speakers. DO NOT BIND IN EXCESS OF 15% OF CAR VALUE UP TO $5,000 PER CAR.

| Car No. | Description | Cost/Value |
|---|---|---|
| NONE | | |

*Jenny Kretz*

APR 17 2008

| ADDITIONAL QUESTIONS | | |
|---|---|---|
| 1. | Total number of vehicles owned or leased by all residents of the household, including cars listed. List vehicles not covered by this policy. | 1 ✓ |
| 2. | Any vehicles used for transporting persons for hire, products or materials?. | No |
| 3. | Does any car have existing damage, including broken glass? If yes, explain in comments section below. | No |
| 4. | Is any car rebuilt, salvaged, modified, altered, specially built or customized? If yes, do not bind and explain in comments section below. | No |
| 5. | Are all vehicles registered solely to the Named Insured? | Yes ✓ |
| 6. | Does insured have auto insurance currently in force? | Yes ✓ |
| 7. | Name of current or previous insurer: Length of time insured: 3 years 0 months. ✓ | |
| 8. | Policy Bodily Injury Limits at least: **$15,000 Each Person, $30,000 Each Accident** ✓ | |
| 9. | Policy Type: **Standard** | |
| 10. | How long has applicant lived at present address? 5 years.<br>If less than 2 years, show previous address(es) in comments section below. | |
| 11. | Type of residence: **Private Home** | |
| COMMENTS: | | |

Jenny Kretz
APR 17 2008

Mercury Inbound Fax Main Date: 4/1/2009 Time: 2:48:17 PM Job ID: 168710 Ext#: 7393 Page 41 of 42 pages
Apr-01-09 02:40pm From- T-003 P.041/042 F-261
UPS STORE #4038 005/007

[illegible] INSURANCE COVERAGE [illegible]

[illegible]

[illegible] nonmonetary damages unless the injuries suffered [illegible] in the policy or unless one of several other exceptions noted in the policy applies. The semi-annual premium [illegible] basic coverage as required by law under this "limited tort" option is $147.00.
**Additional coverages under this option are available at additional cost.**

B. "Full Tort" Option - The laws of the Commonwealth of Pennsylvania also give you the right to choose a [illegible] insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries cause by other drivers. Under this form of insurance, you and other hous[ehold] members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injur[ies caused] by other drivers. The semi-annual premium for basic coverage required [illegible] is [illegible]5.00.
**Additional coverages under this option are available at additional cost.**

C. You may contact your agent to discuss the cost of other coverages.

D. If you wish to choose the "limited tort" option described in paragraph A, you must sign this notice where indicated below and return it. If you do not sign and return this notice, you will be considered to have chos[en] "full tort" coverage as described in paragraph B and you will be charged the full tort premium.

**I wish to choose the "limited tort" option described in paragraph A.**

[signature] [date illegible]

Signature of the Named Insured                                        Date

E. If you wish to choose the "full tort" option described in paragraph B, you may sign this notice where indicated below and return it. However, if you do not sign and return this notice, you will be considered to have chosen the "full tort" coverage as described in paragraph B and you will be charged the full tort premium.

**I wish to choose the "full tort" option described in paragraph B.**

Signature of the Named Insured                                        Date

PA[illegible]7 (08/04/04)

https://www.agentsaution.com/PAAgentsWeb/lob/pa/application/print/applicant.jsp 4/1/2008

Mercury Inbound Fax Main Date: 4/1/2009 Time: 2:48:17 PM Job ID: 168710 Ext#: 7393 Page 42 of 42 pages
Apr-01-09 02:42pm From- Case 2:10-cv-01747-JP Document 19 Filed 08/20/10 Page 37 of 42 T-093 P.042/042 F-261
UPS STORE #4038 007/007

EFFECTIVE DATE 04/10/2008 TIME [illegible] AM

[illegible] the Agent/Broker [illegible] this binder below, the insurance [illegible] by notice or a policy issued. This binder is subject to all of the terms and conditions of the policy [illegible] policy is hereby [illegible] hereof to the same extent as if fully set forth herein. Agent/Broker [illegible] Report Use and Disclosure requirements.

[illegible]

Agent/Broker Statement

[illegible] Applicant [illegible]
[illegible] have you [illegible]

[illegible] on the policy [illegible] applicant also certifies that they [illegible] of time stated on this application with [illegible] forth in this application on the basis of the [illegible] provide applicable information concerning character, general reputation, financial [illegible] including, but not limited to, Credit Reports, personal characteristics, mode of living or other background information the Company [illegible] necessary in order to determine whether the Company will accept or reject Applicant for coverage, as well as other underwriting decisions the company may make in the future. Future reports may be used to update or renew the insurance.

Applicant confirms the description of any business or commercial use of the car(s) on this application, and that applicant's principal residence and place of car garaging are in Pennsylvania.

Applicant also understands that payment of premium is defined as being only when the premium payment check, credit card or electronic funds transfer clears, and no temporary or other coverage exists unless the check, credit card or electronic funds transfer [illegible] coverage [illegible] the check, credit card or electronic funds transfer clears when initially submitted by the Company or Agent/Broker.

Business may not be accepted from another agent/Broker.

4-10-08

APPLICANT'S SIGNATURE (DO NOT PRINT) DATE TIME

[illegible]

...overage is provided for a claim under Part II - First Party Benefits Coverage [illegible] involving a [illegible] vehicle being [illegible] by an [illegible] person, [illegible] minimum First Party Benefits Coverage for medical expenses required by [illegible] as amended.

[illegible] section applies to this policy and all renewals unless revoked by you in writing.

| Driver Excluded | Driver License | Age |
| --- | --- | --- |
| [illegible] | NONE | [illegible] |

Occupation

...NOT SIGN THIS EXCLUSION UNTIL YOU READ AND UNDERSTAND IT. By signing [illegible] ...d and understand this exclusion.

[signature] 4-10-08

APPLICANT'S SIGNATURE DATE

MERCURY INSURANCE COMPANY OF FLORIDA

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

[signature] 4-10-08

Signature of Named Insured Date

PAUSA (2/1/04)

Pennsylvania Application PA [illegible]

MERCURY INSURANCE COMPANY OF FLORIDA

[illegible]

Signature of Named Insured

[illegible]

As an alternative to paragraphs (1), (2), (3), and (4), a combination benefit, up to at least $177,500 of benefits in the aggregate or benefits payable up to three years from the date of the accident, whichever occurs first, subject to a limit on accidental death benefit of up to $25,000 and a limit on funeral benefit of $2,500, provided that nothing contained in this subsection shall be construed to limit, reduce, modify or change the provisions of Section 1715(d) (relating to availability of adequate limits).

Uninsured, underinsured and bodily injury liability coverage up to at least $100,000 because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for these coverages, except for policies issued under the Assigned Risk Plan. Also, at least $5,000 for damage to property of others in any one accident.

Additionally, insurers may offer higher benefit levels than those enumerated above as well as additional benefits. However, an insured may elect to purchase lower benefit levels than those enumerated above.

Your signature on this notice or your payment of any renewal premium evidences your actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits you have selected.

If you have questions or you do not understand all of the various options available to you, contact us.

If you do not understand any of the provisions contained in this notice, contact us before you sign.

[signature] 4/10/08

Signature of Named Insured Date

U4 (08/04/04)

[illegible]

I understand that a service charge of $25.00 will be assessed to the balance due on my policy if any check offered in payment is not honored by my bank or financial institution. Imposition of such charge shall not deem the Company to have accepted the check unconditionally.

I agree that if I pay my initial premium by check, draft or other remittance, the coverage afforded by this policy is conditioned on the check, draft, or other remittance being honored by the bank or financial institution when presented for payment. If a check, draft, or other remittance is not honored, Company shall be deemed not to have accepted the payment and this policy shall be void from inception.

I may be eligible for discounts mandated by Act 6 of 1990: i) [illegible] equipped with a passive restraint system; ii) on comprehensive if your car [illegible] theft device; or iii) if all named insureds are 55 or older and have successfully completed a motor vehicle driver improvement course approved by PennDOT.

I agree to pay the installment fees show on my billing statement that become due during the policy term or each renewal policy term in accordance with the payment plan I have selected. I understand that the amount of these fees may change upon policy renewal or if I change my payment plan. I also understand that the amount of these fees may change if my premium is increased due to inaccurate or incomplete information on this application.

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

Signature of Named Insured

Date 4-10-08

PA05 (09/06/04)