UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mohammad Tlili and Dina Irace<br>Individually, and h/w<br>                       Plaintiffs, | : <br> : <br> : <br> : | No. 10-CV-1747 |
| v. | : <br> : | |
| Mercury Insurance Company of Florida,<br>Mercury General Corporation,<br>    and<br>John Does 1-10<br>                       Defendants. | : <br> : <br> : <br> : <br> : | |

**DEFENDANTS', MERCURY INSURANCE COMPANY OF FLORIDA
AND MERCURY GENERAL CORPORATION, REPLY TO PLAINTIFFS RESPONSE
IN OPPOSTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Mercury Insurance Company of Florida and Mercury General Corporation (hereinafter collectively "Mercury"), by and through by and counsel, Marshall Dennehey Warner Coleman & Goggin, hereby Reply to the Response in Opposition of Plaintiffs to their Motion for Summary Judgment.

**I.   PLAINTIFFS APPEAR TO HAVE CHANGED THEIR IDENTITIES**

Before addressing the arguments presented in the Plaintiffs' Response In Opposition, Mercury notes that the introductory paragraph of Plaintiffs' Memorandum of Law identifies the plaintiffs as Mohamed Marouen Tlili ("Marouen") and Dina Irace ("Irace"), **h/w**, and, throughout the Response, Marouen is referred to as the "plaintiff". Such identification is simply wrong and contrary to the pleadings and evidence gathered.

In the First Amended Complaint filed on August 4, 2010, the plaintiffs are identified as Mohamed Tlili and Dina Irace, husband and wife. In the Answer to Mercury's Counterclaim, it is alleged that Irace's spouse is Mohamed Safouan Tlili ("Safouan"). Irace also testified during

her examinations under oath and at her depositions that Safouan is her husband, and this is confirmed in Plaintiffs Brief Statement of Facts set forth in its Response in Opposition to Mercury's Motion for Summary Judgment. Hence, the Plaintiffs in this action must be Safouan and Irace since they are husband and wife and do not include Marouen.

II. **PLAINTIFFS' STATEMENT OF FACTS CONTAINS ERRONEOUS FACTS**

Plaintiffs' Brief Statement of the Facts includes the following pertinent misstatements of fact.

It erroneously states that Marouen was a "named insured" on the subject insurance policy. As shown on the Declarations Page accompanying the Pennsylvania Personal Automobile Policy, Irace, is the only Named Insured. See Exhibit "D". Indeed, in their Answer to the Mercury's Counterclaim, Plaintiffs admitted that Irace is the Named Insured on the insurance policy. See Counterclaim and Answer thereto, para. 50.

The Statement of Facts also erroneously states that "Plaintiffs applied for this insurance policy shortly after the motor vehicle was purchased by Plaintiff, Marouen Tlili". As set forth in Mercury's memorandum of law in support of summary judgment, Irace applied for the subject insurance policy and it was issued to her only, as the Named Insured. See Exhibit "C".

Lastly, contrary to Plaintiffs statement, Mercury denied Plaintiffs claim by letter dated October 28, 2009, which was sent to Plaintiffs' counsel. See Exhibit "N" attached hereto. It is also noteworthy that, in paragraphs 24 - 26 of Plaintiffs' First Amended Complaint, it is alleged several times that Mercury denied their claim.

As for the other facts set forth by Plaintiffs, and other than counsel's characterizations and commentary, which Mercury expressly denies, in large part, they are wholly irrelevant to the

issues presented to this Court by Mercury in its Motion for Summary Judgment and do not raise any genuine issues of material fact.

### III. PLAINTIFFS' RESPONSE SETS FORTH NO FACTS OR ARGUMENTS ON THE ISSUE OF WHETHER IRACE HAD AN INSURABLE INTEREST IN THE SUBJECT VEHICLE

Conspicuously missing from Plaintiffs' Response in Opposition to Mercury's Motion for Summary Judgment are any facts or arguments asserting that Irace had an insurable interest in the Vehicle as required by Pennsylvania law in order for a valid contract of insurance to exist. Absent an insurable interest in the Vehicle, there is no coverage under the policy. Summary judgment, therefore, should be entered in favor of Mercury.

### IV. PLAINTIFFS' ARGUMENT THAT MAROUEN IS A NAMED INSURED AND/OR AN INSURED UNDER THE POLICY IS TO NO AVAIL

In Stump v. State Farm Mut. Ins. Co., 564 A.2d 194 (Pa. Super. 1989), the Pennsylvania Superior Court held that a driver listed in the declarations as a vehicle operator, was not the "named insured," when the declarations explicitly identified his father as the "named insured." Id. 564 A.2d at 202. Mercury's policy identifies Irace as the only Named Insured.

Marouen, also, would not qualify as an insured under Coverage B of the policy, which provides comprehensive loss coverage. Coverage B expressly states that it applies to "loss to **your** vehicle".[1] The policy defines "your" as the "Named Insured". See Exhibit "D". Therefore, Marouen is not entitled to coverage under Coverage B and, as set forth, in its Memorandum of

---

[1] As for Coverage B applying to "loss to a non-owned car", this coverage is not applicable here because the Vehicle that is the subject of the claim does not fall within the policy definition. A "non-owned car" is a car not: 1. Owned by, registered or leased in the name of or furnished or available for the regular or frequent use by:
    a.    You or your employer;
    b.    A resident or a resident's employer; or
    c.    A non-resident spouse or that spouse's employer.
    d.    Any relative or relative's employer
See Exhibit D.

Law, and, also, Irace is not entitled to coverage because she did not own the Vehicle as required by the policy.

## V. MERCURY HAS NOT COMMITTED BAD FAITH

As demonstrated in Mercury's Motion for Summary Judgment, ample evidence exists to establish the following facts that Mercury learned during its investigation of the claim. Irace did not have an ownership interest in the Vehicle and, therefore, no valid insurance contract existed with respect to coverage for the Vehicle. Irace also did not own the Vehicle which is a condition to coverage under Mercury's policy. And, during the course of Mercury's investigation of the claim, Irace knowingly concealed or misrepresented material facts or circumstances, or engaged in fraudulently conduct, in connection with the presentation the claim and, therefore, coverage is excluded under the policy.

With respect to Plaintiffs' argument that the questions of how, when, and whether the Vehicle was stolen not being issues to be disposed of by way of summary judgment, Mercury simply responds that none of these issues are the subject of its Motion.

Also, contrary to Plaintiffs' argument, Mercury denied Plaintiffs' claim by letter dated October 28, 2009, which was sent to Plaintiffs counsel. See Exhibit "N". Moreover, it is notable, that Plaintiffs' argument is contrary to the own allegations in the First Amended Complaint as set forth in paragraphs 24 – 26 where it is alleged several times that Mercury denied their claim.

## VI. MISREPRESENTATIONS DURING THE PRESENTATION OF THE CLAIM

With respect to the misrepresentations made by Irace during the investigation of the claim, the record demonstrates those misrepresentations, misleading representations and/or inconsistent statements as set forth in Mercury's Memorandum of Law in Support of Summary

Judgment. In short, Irace admitted that she provided Mercury with misleading information concerning the ownership of the Vehicle and her marital status during its investigation.

## VII. CONCLUSION

Summary judgment should be entered in favor of Mercury on plaintiffs claims for breach of contract and bad faith and, also, on Mercury's Counterclaims.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
ROBERT W. JOZWIK, ESQUIRE

Attorneys for Defendants,
Mercury Insurance Company of Florida and
Mercury General Corporation

Dated: September 9, 2011

01/7156841.v2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOHAMMAD TLILI AND DINA IRACE : | |
| Plaintiffs : | |
| : | No. 10-CV-1747 |
| v. : | |
| MERCURY INSURANCE COMPANY : | |
| OF FLORIDA, *et al.* : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, Robert W. Jozwik, Esquire, do hereby certify that a true and correct copy of defendant's, Mercury Insurance Company of Florida and Mercury General Corporation Reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment was served upon all parties via electronic filing at the following addressees :

Matthew B. Weisberg, Esquire
Prochniak Weisberg, P.C.
7 South Morton Avenue
Morton, PA 19070

                                                MARSHALL, DENNEHEY, WARNER,
                                                COLEMAN & GOGGIN

By:    /s/ Robert W. Jozwik, Esquire
            Robert W. Jozwik, Esquire
            PA #70705
            1845 Walnut Street, 18th Fl.
            Philadelphia, PA 19103
            (267)-575-2600 (t)
            rwjozwik@mdwcg.com

Date: September 9, 2011